1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**EXHIBIT A**
**FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND**
**DECLARATORY RELIEF AND CIVIL PENALTIES**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Michael Freund SBN 99687
Michael Freund & Associates
1919 Addison Street, Suite 105
Berkeley, CA 94704
TELEPHONE NO: 510-540-1992    FAX NO.:
ATTORNEY FOR (Name): Plaintiff Environmental Research Center, Inc. (ERC)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Environmental Research Center, Inc. v. Hotze Health & Wellness Center

**FOR COURT USE ONLY**

**FILED BY FAX**
ALAMEDA COUNTY

December 10, 2019

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

CASE NUMBER:
RG18914802

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG18914802 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☑ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/30/19

Michael Freund
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Environmental Research Center, Inc. v. Hotze Health & Wellness | Case Number: RG18914802 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) | |
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) | |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ X ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ / ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

**SUMMONS**

*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOTZE HEALTH & WELLNESS CENTER INTERNATIONAL
ONE, LLC, individually and doing business as HOTZE VITAMINS;
(Additional Parties Attachment Form is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENVIRONMENTAL RESEARCH CENTER, INC., a California
non-profit corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED BY FAX**
ALAMEDA COUNTY

December 10, 2019

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* Alameda County Superior Court<br><br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso)*<br><br>RG18914802 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Freund 1919 Addison Street, Suite 105 Berkeley, CA 94704   Tel: (510) 540-1992

RG18914802

DATE:
*(Fecha)*    December 10, 2019

Clerk, by _____, Deputy
*(Secretario)*                        *(junto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ERC, Inc. v. Hotze Health & Wellness Center International One, LLC | RG18914802 |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

PHYSICIAN'S PREFERENCE INTERNATIONAL, LP, individually and doing business as HOTZE VITAMINS; PARADIGM HOLDINGS, LLC individually and doing business as HOTZE VITAMINS; BRAIDWOOD MANAGEMENT, INC., individually and doing business as HOTZE VITAMINS; STEVEN F. HOTZE, M.D., and DOES 1-100

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Michael Freund SBN 99687
Michael Freund & Associates
1919 Addison Street, Suite 105
Berkeley, CA 94704
Telephone: (510) 540-1992
Facsimile: (510) 371-0885
Electronic Mail: freund1@aol.com

Attorneys for Plaintiff Environmental Research Center, Inc.

**FILED BY FAX**
ALAMEDA COUNTY

December 10, 2019

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

CASE NUMBER:
**RG18914802**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., a California non-profit corporation <br><br> Plaintiff, <br><br> vs. <br><br> HOTZE HEALTH & WELLNESS CENTER INTERNATIONAL ONE, LLC, individually and doing business as HOTZE VITAMINS; PHYSICIAN'S PREFERENCE INTERNATIONAL, LP, individually and doing business as HOTZE VITAMINS; PARADIGM HOLDINGS, LLC individually and doing business as HOTZE VITAMINS; BRAIDWOOD MANAGEMENT, INC., individually and doing business as HOTZE VITAMINS; STEVEN F. HOTZE, M.D., and DOES 1-100 <br><br> Defendants. | CASE NO. RG18914802 <br><br> **FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND CIVIL PENALTIES** <br><br> Toxic Tort/Environmental (30) Proposition 65, Health & Safety Code Section 25249.5 et seq.] |

Plaintiff Environmental Research Center, Inc. hereby alleges:

///

///

Page 1 of 13
Complaint for Injunctive and Declaratory Relief and Civil Penalties

# I

## INTRODUCTION

1.  Plaintiff Environmental Research Center, Inc. (hereinafter "Plaintiff" or "ERC") brings this action as a private attorney general enforcer and in the public interest pursuant to Health & Safety Code section 25249.7, subdivision (d).  The Safe Drinking Water and Toxic Enforcement Act of 1986 (Health & Safety Code section 25249.5 *et seq.*) also known as "Proposition 65," mandates that businesses with ten or more employees must provide a "clear and reasonable warning" prior to exposing any individual to a chemical known to the state to cause cancer or reproductive toxicity.  Lead is a chemical known to the State of California to cause cancer, birth defects, and other reproductive harm.  This First Amended Complaint seeks injunctive and declaratory relief and civil penalties to remedy the ongoing failure of Defendants Hotze Health & Wellness Center International One, L.L.C., individually and doing business as Hotze Vitamins; Physician's Preference International, LP, individually and doing business as Hotze Vitamins; Braidwood Management, Inc., individually and doing business as Hotze Vitamins; Paradigm Holdings, LLC, individually and doing business as Hotze Vitamins; Steven F. Hotze, M.D., and Does 1-100 (hereinafter individually referred to as "Defendant" or collectively as "Defendants"), to warn consumers that they have been exposed to lead from a number of Hotze Vitamins' nutritional health products as set forth in paragraph 3 at levels exceeding the applicable Maximum Allowable Dose Level ("MADL") and requiring a warning pursuant to Health & Safety Code section 25249.6.

# II

## PARTIES

2.  Plaintiff ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by reducing the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

3.  Defendants are all engaged in business activities relating to health and wellness and all conduct business at 20214 Braidwood Drive, Katy, Texas 77450.  In 1991, Defendant Steven F.

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1    Hotze purchased the Nottingham Atrium Building, at 20214 Braidwood Drive, Katy, Texas, a

2    20,000 square foot building in which his headquarters is currently located.  All of the

3    Defendants, while organized as separate legal entities, are inter-connected with one another and

4    each plays a role in the promotion, referral, logistical support, development, manufacture,

5    marketing, distribution and/or sales of nutritional health products subject to this litigation

6    ("SUBJECT PRODUCTS") that have exposed users in the State of California to lead within the

7    relevant statute of limitations period.

8        3.    Defendant Hotze Health and Wellness Center International One, LLC ("HHWC") is

9    a limited liability company doing business at 20214 Braidwood Drive, Suite 215, Katy, Texas

10   77450.  HHWC, in collaboration with the other Defendants, is a business that promotes,

11   develops, manufactures, markets, distributes, and/or sells nutritional health products, including

12   the SUBJECT PRODUCTS, that have exposed users in the State of California to lead within the

13   relevant statute of limitations period.  HHWC was founded in 1989 by Defendant Steven F.

14   Hotze, M.D.  HHWC provides medical treatment for its patients and according to its website

15   (www.hotzehwc.com) the HHWC medical team is backed by a staff of nearly 100 caring

16   professionals. HHWC works with its patients to restore hormones to optimal levels, strengthen

17   immune systems and increase energy levels.  The HHWC website states "[o]ur natural

18   treatments have helped over 31,000 individuals with hypothyroidism, adrenal fatigue,

19   menopause, perimenopause, low testosterone, allergies, candida, detoxification and nutritional

20   deficiencies." According to the HHWC website, after founding HHWC, Dr. Hotze conducted

21   research on vitamins, minerals and other nutrients and formed Physician's Preference, Inc., a

22   vitamin and mineral company established to ensure that his patients had "access to high-quality,

23   high-potency nutritional supplements."  Physician's Preference, Inc. is now called Hotze

24   Vitamins, and it was first established "as a convenience for patients of Hotze Health & Wellness

25   Center," according to the HHCW website.  Also according to the HHWC website, "In 1999,

26   Monica Luedecke, who was chief of staff of HHWC at the time, expanded Physician's

27   Preference (Hotze Vitamins) and built out a suite on the ground level for its operations."

28   According to the HHWC website, the Hotze Vitamins product line has continued to grow and

**Complaint for Injunctive and Declaratory Relief and Civil Penalties**

1  now carries more than 100 products.  The HHWC website references and promotes the

2  SUBJECT PRODUCTS and directs the reader to the Hotze Vitamin website.

3  (www.hotzevitamins.com).

4      4.   Defendant Physicians Preference International, LP ("PPILP") dba Hotze Vitamins is a

5  limited partnership doing business at 20215 Braidwood Drive, Suite 160, Katy, Texas 77450[1].

6  PPILP, in collaboration with the other Defendants, is a business that promotes, develops,

7  manufactures, markets, distributes, and/or sells nutritional health products including the

8  SUBJECT PRODUCTS that have exposed users to lead in the State of California within the

9  relevant statute of limitations period.  In 2003, Physician's Preference Inc. changed its name to

10 Physician's Preference International, Inc. and in 2004, pursuant to Articles of Conversion filed

11 with the Secretary of State of Texas, the entity converted to PPILP.  A Plan of Conversion to

12 PPILP was approved by the sole director and shareholder of Physician's Preference

13 International, Inc., - Steven F. Hotze, M.D.  The Certificate of Limited Partnership for PPILP

14 filed with the Secretary of State of Texas in 2004 discloses that Defendant Braidwood

15 Management, Inc., 20215 Braidwood, Suite 215, Katy, Texas 77450, became the general

16 partner of PPILP.   ERC purchased the SUBJECT PRODUCTS from PPILP.  Each of the

17 SUBJECT PRODUCTS states on the container "Manufactured for Hotze Vitamins, 20214

18 Braidwood Drive, Suite 160, Katy, Texas 77450."  The www.hotzevitamins.com website,

19 under "OUR STORY," has a picture of Dr. Hotze along with a summary of the Hotze Vitamins

20 product line and states that Dr. Hotze is the founder of Hotze Vitamins. The

21 www.hotzevitamins.com website takes the reader to the HHWC website with a picture of the

22 Nottingham Atrium Building and an inscription on the front of the building stating "HOTZE

23 Health & Wellness Center" along with information provided about "Dr. Hotze, "Our Doctors"

24 and the "Leadership Team" describing the roles of various high level employees who work for

25 Defendants.

26     5.   Defendant Paradigm Holdings, LLC ("Paradigm") is a limited liability company

27 doing business at 20214 Braidwood Drive, Suite 215, Katy Texas 77450.  Paradigm was

28

---

[1] This address is the same building as 20214 Braidwood Drive in Katy, TX.

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1    founded in 2005 and is the general partner of PPILP.  Paradigm, in collaboration with the other

2    Defendants, is a business that promotes, develops, manufactures, markets, distributes, and/or

3    sells nutritional health products including the SUBJECT PRODUCTS that have exposed users

4    to lead in the State of California within the relevant statute of limitations period.  Steven F.

5    Hotze, M.D. is the Manager and Director of Paradigm Holdings, LLC.

6        6.    Defendant Braidwood Management Inc. ("Braidwood") is a corporation doing business

7    at 20214 Braidwood Drive, Suite 215, Katy Texas 77450.  Braidwood, in collaboration with the

8    other Defendants, is a business that promotes, develops, manufactures, markets, distributes,

9    and/or sells nutritional health products including the SUBJECT PRODUCTS that have exposed

10   users to lead in the State of California within the relevant statute of limitations period.

11   Braidwood manages health and wellness services for patients at Defendant HHWC.  Braidwood

12   became a general partner of PPILP on or about February 17, 2004.  Braidwood owns the

13   trademarks for Hotze Vitamins – the name listed on the container of each of the SUBJECT

14   PRODUCTS in this case.  The name Braidwood Management, Inc. is listed at the end of the

15   HHWC website. ERC is informed and believes that Dr. Hotze owns and manages Braidwood

16   through a trust. ERC is informed and believes that Braidwood provides billing services and

17   administers the compensation of the employees of each Defendant.   Defendants HHWC,

18   Paradigm and Braidwood share the same Suite 215 at the Nottingham Atrium Building.

19       7.    Defendant Steven F. Hotze, M.D., ("Dr. Hotze") is a medical doctor conducting

20    business activities at 20214 Braidwood Drive, Suite 215, Katy Texas 77450. Dr. Hotze is the

21   founder of Defendant HHWC, PPILP (dba Hotze Vitamins), Paradigm, and Braidwood.  Dr.

22   Hotze is the Chief Executive Officer and Director of the HHWC. Dr. Hotze is the Manager and

23   Director of Paradigm, the entity that is the general partner of PPILP.  Dr. Hotze is the President

24   and Director of Braidwood.  Dr Hotze is the registered agent for Defendants HHWC, PPILP,

25   Paradigm, and Braidwood.  Dr. Hotze is an employee of each Defendant.

26       8.    The numerous interrelationships amongst Defendants amounts to a single business

27   enterprise. The HHWC website regularly uses the expression "Hotze Enterprises" to describe

28   the multitude of Hotze related businesses operating together and the various employees ("Our

1  Leadership Team") working within the Hotze related businesses operating at the Nottingham

2  Atrium Building.  For example, based on a snapshot of the HHWC website taken as of February

3  1, 2019, Monica Luedecke is described as President of Hotze Enterprises and the website stated

4  "[S]he currently oversees over 70 staff members across all departments.  Monica spearheaded

5  the development of Hotze Vitamins (previously known as Physician's Preference (1993)) and

6  expanded its product offering from 2 to over 100 private-label and proprietary products.  In

7  addition, she led the development of Physicians Preference Pharmacy (2002, previously known

8  as Premier Pharmacy, then Hotze Pharmacy) to streamline bioidentical hormone access to

9  Hotze's guests."  There is also a link from www.hotzevitamins.com to the HHWC website that

10  contains a documentary dated April 2014 on Steven F. Hotze, MD, stating that Dr. Hotze is the

11  "Founder and Director of Hotze Enterprises."

12       The HHWC website describes the various roles that Gina Teafatiller has played within

13  Hotze Enterprises including business director for Physician's Preference Pharmacy (previously

14  known as Hotze Pharmacy and Premier Pharmacy) and business director for Hotze Vitamins

15  and vice president of operations for Hotze Enterprises.  Prior to becoming Executive Vice

16  President, "she oversaw the marketing, public relations and social medial strategies of all three

17  businesses."  The phrase "Hotze Enterprises" is also used to describe the roles of various other

18  employees on the HHWC website.

19       10.  ERC is informed and believes that there is a sufficient commingling of funds and assets

20  of the Defendants, a common equitable ownership amongst the Defendants, use of the same

21  offices and employees amongst the Defendants, a disregard of corporate formalities, identical

22  directors and officers and use of one or more Defendants as a shell or conduit for the affairs of

23  the other Defendants.  Based on the numerous heretofore described connections amongst the

24  Defendants, there exists such a unity of interest and/or ownership between them that the

25  individuality and separateness between them for purposes of whether Defendants have violated

26  Proposition 65 ceased such that the Defendants operate as a single enterprise (which the

27  Defendants, themselves, refer to as Hotze Enterprises), and/or are the alter ego of each other

28  and/or each Defendant is the alter ego of Dr. Hotze.  Viewing each Defendant individually or

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1    separately would lead to an inequitable result.

2    11. Defendants are companies and an individual subject to Proposition 65 as they have each

3    employed ten or more persons and/or have employed ten or more persons cumulatively so as to

4    constitute a single business enterprise at all times relevant to this action.

5    12. Defendants Does 1-100, are named herein under fictitious names, as their true names

6    and capacities are unknown to ERC.  ERC is informed and believes, and thereon alleges, that

7    each of said Does is responsible, in some actionable manner, for the events and happenings

8    hereinafter referred to, either through said Does' conduct, or through the conduct of its agents,

9    servants or employees, or in some other manner, causing the harms alleged by ERC in this

10   complaint.  When said true names and capacities of Does are ascertained, ERC will seek leave

11   to amend this complaint to set forth the same.

12                                    **III**

13                          **JURISDICTION AND VENUE**

14   13.  This Court has jurisdiction pursuant to California Constitution Article VI, Section 10,

15   which grants the Superior Court original jurisdiction in all causes except those given by statute

16   to other trial courts.  The statute under which this action is brought does not specify any other

17   basis for jurisdiction.

18   14.  This Court has jurisdiction over Defendants because Defendants have sufficient

19   minimum contacts with California, and otherwise intentionally avail themselves of the

20   California market through the promotion, collaboration, marketing, distribution, and/or sale of

21   the SUBJECT PRODUCTS in the State of California so as to render the exercise of jurisdiction

22   over each of the Defendants by the California courts consistent with traditional notions of fair

23   play and substantial justice.

24   15. The Complaint is based on allegations contained in the Notice of Violation dated

25   May 10, 2018, served on the California Attorney General, other public enforcers, and

26   Defendants.  The Notice of Violation constitutes adequate notice to Defendants because it

27   provided adequate information to allow Defendants to assess the nature of the alleged

28   violations, consistent with Proposition 65 and its implementing regulations.  A certificate of

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1    merit and a certificate of service accompanied each copy of the Notice of Violation, and both

2    certificates comply with Proposition 65 and its implementing regulations.  The Notice of

3    Violation served on Defendants also included a copy of "The Safe Drinking Water and Toxic

4    Enforcement Act of 1986 (Proposition 65): A Summary." Service of the Notice of Violation and

5    accompanying documents complied with Proposition 65 and its implementing regulations.

6    Attached hereto as **Exhibit A** is a true and correct copy of this Notice of Violation and

7    associated documents.  More than 60 days have passed since ERC mailed the Notice of

8    Violation and no public enforcement entity has filed a complaint in this case.

9       16. This Court is the proper venue for the action because the causes of action have arisen in

10   the County of Alameda where some of the violations of law have occurred, and will continue to

11   occur, due to the ongoing sale of Defendants' products.  Furthermore, venue is proper in this

12   Court under Code of Civil Procedure section 395.5 and Health & Safety Code section 25249.7.

13                                           IV

14                          **STATUTORY BACKGROUND**

15      17.  The Safe Drinking Water and Toxic Enforcement Act of 1986 is an initiative statute

16   passed as "Proposition 65" by an overwhelming majority vote of the people in November of

17   1986.

18      18. The warning requirement of Proposition 65 is contained in Health & Safety Code

19   section 25249.6, which provides:

20           No person in the course of doing business shall knowingly and
             intentionally expose any individual to a chemical known to the state to
21           cause cancer or reproductive toxicity without first giving clear and
             reasonable warning to such individual, except as provided in Section
22           25249.10.

23

24      19. Implementing regulations for Proposition 65 define expose as "to cause to ingest, inhale,

25   contact via body surfaces or otherwise come into contact with a listed chemical."  An individual

26   may come into contact with a listed chemical through water, air, food, consumer products and

27   any other environmental exposure as well as occupational exposures." (Cal. Code Regs., tit. 27,

28   § 25102, subd. (i).)

**Complaint for Injunctive and Declaratory Relief and Civil Penalties**

1   20. In this case, the exposures are caused by consumer products. Implementing regulations

2   for Proposition 65 define a consumer product exposure as "an exposure which results from a

3   person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a

4   consumer good, or any exposure that results from receiving a consumer service." (Cal. Code

5   Regs., tit. 27, § 25602, subd. (b).)

6   21. Whenever a clear and reasonable warning is required under Health & Safety Code

7   section 25249.6, the "method employed to transmit the warning must be reasonably calculated

8   considering the alternative methods available under the circumstances, to make the warning

9   message available prior to exposure." (Cal. Code Regs., tit. 27, §25601.) The warning

10   requirement may be satisfied by a warning that appears on a product's label or other labeling,

11   shelf labeling, signs, a system of signs, public advertising identifying the system and toll-free

12   information services, or any other system, that provides clear and reasonable warnings. (Cal.

13   Code Regs., tit. 27, §25603.1, subd. (a)-(d).)

14   22. Proposition 65 establishes a procedure by which the State is to develop a list of

15   chemicals "known to the State to cause cancer or reproductive toxicity." (Health & Safety Code,

16   § 25249.8.) There is no duty to provide a clear and reasonable warning until 12-months after

17   the chemical is published on the State list. (Health & Safety Code, § 25249.10, subd. (b).)

18   23. Lead was listed as a chemical known to the State of California to cause developmental

19   toxicity in the fetus and male and female reproductive toxicity on February 27, 1987. Lead was

20   listed as a chemical known to the State of California to cause cancer on October 1, 1992. (State

21   of California EPA OEHHA Safe Drinking Water and Toxic Enforcement Act of 1986

22   Chemicals Known to the State to Cause Cancer and Reproductive Toxicity.) The MADL for

23   lead as a chemical known to cause reproductive toxicity is 0.5 micrograms per day. (Cal. Code

24   Regs., tit. 27, §25805, subd. (b).) The No Significant Risk Level for lead as a carcinogen is 15

25   micrograms per day. (Cal. Code Regs., tit. 27, §25705, subd. (b).)

26   24. Proposition 65 provides that any person "violating or threatening to violate" Proposition

27   65 may be enjoined in any court of competent jurisdiction. (Health & Safety Code, §25249.7,

28   subd. (a).) To "threaten to violate" means "to create a condition in which there is a substantial

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1  probability that a violation will occur." (Health & Safety Code, § 25249.11, subd. (e).)

2  Furthermore, violators are subject to a civil penalty of up to $2,500 per day for each violation.

3  (Health & Safety Code, § 25249.7, subd. (b)(1).)

4      25. Proposition 65 may be enforced by any person in the public interest who provides notice

5  sixty days before filing suit to both the violator and designated law enforcement officials. The

6  failure of law enforcement officials to file a timely complaint enables a citizen suit to be filed

7  pursuant to Health & Safety Code section 25249.7, subdivisions (c) and (d).

8                                    V

9                          STATEMENT OF FACTS

10     26.  Defendants have collaborated and provided logistical support to each other, and

11  promoted, developed, manufactured, marketed, distributed, and/or sold the SUBJECT

12  PRODUCTS containing lead into the State of California.  The SUBJECT PRODUCTS (as

13  identified in the Notice of Violation dated May 10, 2018 attached hereto as **Exhibit A**) are: (1)

14  Hotze Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor; (2)

15  Hotze Vitamins Pure Pea Protein Natural Vanilla Flavor, (3) Hotze Vitamins Pure Pea Protein

16  Natural Chocolate Flavor, (4) Hotze Vitamins Optimal Greens Detoxification and Mental

17  Clarity Lemon-Lime Flavor, (5) Hotze Vitamins Bodyworks Plus by Dr Hotze, (6) Hotze

18  Vitamins Fiber Blend Plus Probiotics, (7) Hotze Vitamins Milk Thistle Extract 150 mg, (8)

19  Hotze Vitamins Dr Hotze's Mocha Protein Bar, (9) My Hotze Pak Detox Starter Pak which

20  includes the following products: a. My Hotze Pak Detox Starter Pak Breakfast, b. My Hotze Pak

21  Detox Starter Pak Lunch, and c. My Hotze Pak Detox Starter Pak Dinner; (10) My Hotze Pak

22  Skinny Pak which includes the following products: a. My Hotze Pak Skinny Pak Breakfast and

23  b. My Hotze Pak Skinny Pak Dinner; 11) Hotze Vitamins Dr. Hotze's Dark Chocolate Coconut

24  Bar, (12) My Hotze Pak 14 Day Detox Kit which includes the following products: a. My Hotze

25  Pak 14 Day Detox Kit Bedtime, b. My Hotze Pak 14 Day Detox Kit Dinner; c. My Hotze Pak

26  14 Day Detox Kit Breakfast, d. My Hotze Pak 14 Day Detox Kit Upon Rising, e. Hotze

27  Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor, and f. Hotze

28  Vitamins Pure Pea Protein Natural Vanilla Flavor; and (13) Hotze Vitamins Cranberry

Complaint for Injunctive and Declaratory Relief and Civil Penalties

1  Concentrate.

2      27. Consumption of the SUBJECT PRODUCTS according to the directions and/or

3  recommendations provided for said products causes consumers to be exposed to lead at levels

4  exceeding the 0.5 micrograms per day MADL and requiring a warning.  Consumers have been

5  ingesting these products for many years, without any knowledge of their exposure to lead, a

6  very dangerous chemical.

7      28. For many years, Defendants  have knowingly and intentionally exposed numerous

8  persons to lead without providing a Proposition 65 warning.  Prior to ERC's Notice of Violation

9  and this Complaint, Defendants failed to provide a warning on the labels of the SUBJECT

10  PRODUCTS.  Defendants have at all times relevant hereto been aware that the SUBJECT

11  PRODUCTS contained lead and that persons using these products have been exposed to this

12  chemical.  Defendants have been aware of the presence of lead in the SUBJECT PRODUCTS

13  and has failed to disclose the presence of this chemical to the public, who undoubtedly believe

14  they have been ingesting totally healthy and pure products pursuant to the company's

15  statements.   On the company's website (https://www.hotzevitamins.com/our-story),

16  various representations from Steven F. Hotze, M.D. are conveyed regarding the quality and

17  beneficial nature of its products including but not limited to the following:

18      .      *      "Our goal is to help you achieve health and wellness naturally so that you may

19  enjoy a better quality of life, and these products will help to ensure that."

20          *      "All of the products designed for Hotze Vitamins® are formulated at state-of-

21  the-art facilities following strict Good Manufacturing Practices (GMP) guidelines."

22          *      "As a medical doctor, I am convinced of the absolute need for vitamin and

23  mineral supplementation, and I can assure you that all of the Hotze Vitamins® nutritional

24  products have been researched and developed with your good health in mind."

25      29. Both prior and subsequent to ERC's Notice of Violation, Defendants failed to provide

26  consumers of the SUBJECT PRODUCTS with a clear and reasonable warning that they have

27  been exposed to a chemical known to the State of California to cause cancer, birth defects and

28  other reproductive harm. This failure to warn is ongoing.

**Complaint for Injunctive and Declaratory Relief and Civil Penalties**

1

### FIRST CAUSE OF ACTION
(Violation of Section 25249.6 of the Health and Safety Code, Failure to Provide Clear and

2

Reasonable Warning under Proposition 65)

3      30. ERC refers to paragraphs 1-29, inclusive, and incorporates them herein by this

4    reference.

5      31. By committing the acts alleged above, Defendants have, in the course of doing business,

6    knowingly and intentionally exposed users of the SUBJECT PRODUCTS to lead, a chemical

7    known to the State of California to cause cancer, birth defects, and other reproductive harm,

8    without first giving clear and reasonable warning to such individuals within the meaning of

9    Health & Safety Code section 25249.6.  In doing so, Defendants have violated Health & Safety

10   Code section 25249.6 and continue to violate the statute with each successive sale of the

11   SUBJECT PRODUCTS.

12     32. Said violations render Defendants liable for civil penalties, up to $2,500 per day for each

13   violation, and subject Defendants to injunction.

14

### SECOND CAUSE OF ACTION
(Declaratory Relief)

15

16     33. ERC refers to paragraphs 1-32, inclusive, and incorporates them herein by this

17   reference.

18     34. There exists an actual controversy relating to the legal rights and duties of the Parties,

19   within the meaning of Code of Civil Procedure section 1060, between ERC and Defendants,

20   concerning whether Defendants have exposed individuals to a chemical known to the State of

21   California to cause cancer, birth defects, and other reproductive harm without providing clear

22   and reasonable warning.

23

### VI

24

### PRAYER

25   WHEREFORE ERC prays for relief as follows:

26   1.  On the First Cause of Action, for civil penalties for each and every violation according

27   to proof;

28   2.  On the First Cause of Action, and pursuant to Health & Safety Code section 25249.7,

1  subdivision (a), for such temporary restraining orders, preliminary and permanent injunctive
2  orders, or other orders as are necessary to prevent Defendants from exposing persons to lead
3  without providing clear and reasonable warning;

4      3.  On the Second Cause of Action, for a declaratory judgment pursuant to Code of Civil
5  Procedure section 1060 declaring that Defendants have exposed individuals to lead without
6  providing clear and reasonable warning; and

7      4.  On all Causes of Action, for reasonable attorneys' fees pursuant to Code of Civil
8  Procedure section 1021.5 or the substantial benefit theory;

9      5.  For costs of suit herein; and

10      6.  For such other relief as the Court may deem just and proper.

11

12  DATED: November 30, 2019      MICHAEL FREUND & ASSOCIATES

13

14  _____

15                 Michael Freund
               Attorney for Plaintiff
16                 ENVIRONMENTAL RESEARCH CENTER, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Injunctive and Declaratory Relief and Civil Penalties**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**Michael Freund & Associates**
1919 Addison Street, Suite 105
Berkeley, CA 94704
Voice: 510.540.1992 • Fax: 510.540.5543

Michael Freund, Esq.

Ryan Hoffman, Esq.

May 10, 2018

### NOTICE OF VIOLATION OF
### CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
### (PROPOSITION 65)

Dear Alleged Violators and the Appropriate Public Enforcement Agencies:

I represent Environmental Research Center, Inc. ("ERC"), 3111 Camino Del Rio North, Suite 400, San Diego, CA 92108; Tel. (619) 500-3090. ERC's Executive Director is Chris Heptinstall. ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violators identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violators and the appropriate public enforcement agencies. Pursuant to Health and Safety Code Section 25249.7(d), ERC intends to file a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is enclosed with this letter served to the alleged Violators identified below.

**Alleged Violators.** The names of the companies covered by this notice that violated Proposition 65 (hereinafter the "Violators") are:

Hotze Health & Wellness Center International One, L.L.C., individually and doing business as Hotze Vitamins
Physician's Preference International, LP, individually and doing business as Hotze Vitamins
Braidwood Management, Inc., individually and doing business as Hotze Vitamins

**Consumer Products and Listed Chemical.** The products that are the subject of this notice and the chemical in those products identified as exceeding allowable levels are:

1. Hotze Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor - Lead
2. Hotze Vitamins Pure Pea Protein Natural Vanilla Flavor - Lead
3. Hotze Vitamins Pure Pea Protein Natural Chocolate Flavor - Lead
4. Hotze Vitamins Optimal Greens Detoxification and Mental Clarity Lemon-Lime Flavor - Lead
5. Hotze Vitamins Bodyworks Plus by Dr Hotze - Lead
6. Hotze Vitiamins Fiber Blend Plus Probiotics - Lead
7. Hotze Vitamins Milk Thistle Extract 150 mg - Lead
8. Hotze Vitamins Dr Hotze's Mocha Protein Bar - Lead
9. My Hotze Pak Detox Starter Pak - Lead
   a. My Hotze Pak Detox Starter Pak Breakfast
   b. My Hotze Pak Detox Starter Pak Lunch
   c. My Hotze Pak Detox Starter Pak Dinner

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 2

   10. My Hotze Pak Skinny Pak - Lead
        a.   My Hotze Pak Skinny Pak Breakfast
        b.   My Hotze Pak Skinny Pak Dinner
   11. Hotze Vitamins Dr. Hotze's Dark Chocolate Coconut Bar - Lead
   12. My Hotze Pak 14 Day Detox Kit - Lead
        a.   My Hotze Pak 14 Day Detox Kit Bedtime
        b.   My Hotze Pak 14 Day Detox Kit Dinner
        c.   My Hotze Pak 14 Day Detox Kit Breakfast
        d.   My Hotze Pak 14 Day Detox Kit Upon Rising
        e.   Hotze Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor
        f.   Hotze Vitamins Pure Pea Protein Natural Vanilla Flavor
   13. Hotze Vitamins Cranberry Concentrate - Lead

        On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

        It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

        **Route of Exposure.**  The consumer exposures that are the subject of this notice result from the recommended use of these products.  Consequently, the route of exposure to this chemical has been and continues to be through ingestion.

        **Approximate Time Period of Violations.**  Ongoing violations have occurred every day since at least May 10, 2015, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until this known toxic chemical is either removed from or reduced to allowable levels in the products.  Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemical.  The method of warning should be a warning that appears on the product label.  The Violators violated Proposition 65 because they failed to provide persons ingesting these products with appropriate warnings that they are being exposed to this chemical.

        Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violators to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemical, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years.  Such a resolution will prevent further unwarned consumer exposures to the identified chemical, as well as an expensive and time-consuming litigation.

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 3

ERC has retained me as legal counsel in connection with this matter. **Please direct all communications regarding this Notice of Violation to my attention at the law office address and telephone number indicated on the letterhead.**

Sincerely,

Michael Freund

_____
Michael Freund

Attachments

Certificate of Merit
Certificate of Service
OEHHA Summary (to Hotze Health & Wellness Center International One, L.L.C., individually and doing business as Hotze Vitamins; Physician's Preference International, LP, individually and doing business as Hotze Vitamins; Braidwood Management, Inc., individually and doing business as Hotze Vitamins and their Registered Agents for Service of Process only)
Additional Supporting Information for Certificate of Merit (to AG only)

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 4

## CERTIFICATE OF MERIT

Re:   **Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by Hotze Health & Wellness Center International One, L.L.C., individually and doing business as Hotze Vitamins; Physician's Preference International, LP, individually and doing business as Hotze Vitamins; and Braidwood Management, Inc., individually and doing business as Hotze Vitamins**

I, Michael Freund, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged that the parties identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violators will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: May 10, 2018          _____

                                                    Michael Freund

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 5

## CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age.  My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On May 10, 2018 between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
Hotze Health & Wellness Center
International One, L.L.C., individually and
doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Current President or CEO
Hotze Health & Wellness Center
International One, L.L.C., individually and
doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 160
Katy, TX 77450

Current President or CEO
Physician's Preference International, LP,
individually and doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Current President or CEO
Physician's Preference International, LP,
individually and doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 160
Katy, TX 77450

Current President or CEO
Braidwood Management, Inc., individually
and doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Current President or CEO
Braidwood Management, Inc., individually
and doing business as Hotze Vitamins
20214 Braidwood Drive, Suite 160
Katy, TX 77450

Steven F. Hotze
(Registered Agent for Hotze Health & Wellness Center
International One, L.L.C., individually and
doing business as Hotze Vitamins)
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Steven F. Hotze
(Registered Agent for Braidwood Management, Inc.,
individually and doing business as Hotze Vitamins)
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Steven F. Hotze, M.D.
(Registered Agent for Physician's Preference
International, LP, individually and doing business
as Hotze Vitamins)
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 6

On May 10, 2018 between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Oakland, CA 94612-0550

On May 10, 2018 between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA 94553
sgrassini@contracostada.org

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA 96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Kathryn L. Turner, Chief Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyCrimProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA 94103
gregory.alker@sfgov.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

Yen Dang, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 7

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA  95403
jbarnes@sonoma-county.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA  95370
Prop65@co.tulare.ca.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA  93009
daspecialops@ventura.org

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA 95695
cfepd@yolocounty.org

On May 10, 2018 between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION, CALIFORNIA HEALTH & SAFETY CODE §25249.5** *ET SEQ.***; CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by First Class Mail.

Executed on May 10, 2018, in Fort Oglethorpe, Georgia.

<u>                                        </u>
Phyllis Dunwoody

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
May 10, 2018
Page 8

## Service List

District Attorney, Alameda County
1225 Fallon Street, Suite 900
Oakland, CA 94612

District Attorney, Alpine County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte County
25 County Center Drive, Suite 245
Oroville, CA 95965

District Attorney, Calaveras County
891 Mountain Ranch Road
San Andreas, CA 95249

District Attorney, Colusa County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado County
515 Main Street
Placerville, CA 95667

District Attorney, Fresno County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Inyo County
P.O. Drawer D
Independence, CA 93526

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin County
3501 Civic Center Drive, Room 130
San Rafael, CA 94903

District Attorney, Mariposa County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer County
10810 Justice Center Drive, Ste 240
Roseville, CA 95678

District Attorney, Plumas County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San Bernardino County
303 West Third Street
San Bernardino, CA 92415

District Attorney, San Diego County
330 West Broadway, Suite 1300
San Diego, CA 92101

District Attorney, San Mateo County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta County
1355 West Street
Redding, CA 96001

District Attorney, Sierra County
100 Courthouse Square, 2nd Floor
Downieville, CA 95936

District Attorney, Siskiyou County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Francisco, City Attorney
City Hall, Room 234
1 Dr Carlton B Goodlett PL
San Francisco, CA 94102

San Jose City Attorney's Office
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental
Health Hazard Assessment (OEHHA), the lead agency for the implementation of the
Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as
"Proposition 65"). A copy of this summary must be included as an attachment to any
notice of violation served upon an alleged violator of the Act. The summary provides
basic information about the provisions of the law, and is intended to serve only as a
convenient source of general information. It is not intended to provide authoritative
guidance on the meaning or application of the law. The reader is directed to the statute
and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE
NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON
THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through
25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html.
Regulations that provide more specific guidance on compliance, and that specify
procedures to be followed by the State in carrying out certain aspects of the law, are
found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1]
These implementing regulations are available online at:
http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless
otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website
at: http://www.oehha.ca.gov/prop65/law/index.html.

*The "Proposition 65 List."* Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

*Clear and reasonable warnings.* A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

*Prohibition from discharges into drinking water.* A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

*Grace Period.* Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

*Governmental agencies and public water utilities.* All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

**Exposures that pose no significant risk of cancer.** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

**Exposures that will produce no observable reproductive effect at 1,000 times the level in question.** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

**Exposures to Naturally Occurring Chemicals in Food.** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

**Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for

---

[2] See Section 25501(a)(4).

chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**Michael Freund & Associates**
1919 Addison Street, Suite 105
Berkeley, CA 94704
Voice: 510.540.1992 • Fax: 510.371.0885

Michael Freund, Esq.

September 27, 2019

## NOTICE OF VIOLATION OF
## CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
## (PROPOSITION 65)

Dear Alleged Violators and the Appropriate Public Enforcement Agencies:

I represent Environmental Research Center, Inc. ("ERC"), 3111 Camino Del Rio North, Suite 400, San Diego, CA 92108; Tel. (619) 500-3090. ERC's Executive Director is Chris Heptinstall. ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violators identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violators and the appropriate public enforcement agencies. Pursuant to Health and Safety Code Section 25249.7(d), ERC intends to pursue a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is enclosed with this letter served to the alleged Violators identified below.

**Alleged Violators.** The names of the person/company covered by this notice that violated Proposition 65 (hereinafter the "Violators") are:

**Paradigm Holdings, L.L.C.**
**Steven F. Hotze, MD**

**Consumer Products and Listed Chemical.** The products that are the subject of this notice and the chemical in those products identified as exceeding allowable levels are:

1. **Hotze Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor - Lead**
2. **Hotze Vitamins Pure Pea Protein Natural Vanilla Flavor - Lead**
3. **Hotze Vitamins Pure Pea Protein Natural Chocolate Flavor - Lead**
4. **Hotze Vitamins Optimal Greens Detoxification and Mental Clarity Lemon-Lime Flavor - Lead**
5. **Hotze Vitamins Bodyworks Plus by Dr Hotze - Lead**
6. **Hotze Vitiamins Fiber Blend Plus Probiotics - Lead**
7. **Hotze Vitamins Milk Thistle Extract 150 mg - Lead**
8. **Hotze Vitamins Dr Hotze's Mocha Protein Bar - Lead**
9. **My Hotze Pak Detox Starter Pak - Lead**

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 2

       a. My Hotze Pak Detox Starter Pak Breakfast
       b. My Hotze Pak Detox Starter Pak Lunch
       c. My Hotze Pak Detox Starter Pak Dinner
10. My Hotze Pak Skinny Pak - Lead
       a. My Hotze Pak Skinny Pak Breakfast
       b. My Hotze Pak Skinny Pak Dinner
11. Hotze Vitamins Dr. Hotze's Dark Chocolate Coconut Bar - Lead
12. My Hotze Pak 14 Day Detox Kit - Lead
       a. My Hotze Pak 14 Day Detox Kit Bedtime
       b. My Hotze Pak 14 Day Detox Kit Dinner
       c. My Hotze Pak 14 Day Detox Kit Breakfast
       d. My Hotze Pak 14 Day Detox Kit Upon Rising
       e. Hotze Vitamins Pure Cleanse Functional Detoxification Powder Natural Berry Flavor
       f. Hotze Vitamins Pure Pea Protein Natural Vanilla Flavor
13. Hotze Vitamins Cranberry Concentrate - Lead

On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

**Route of Exposure.** The consumer exposures that are the subject of this notice result from the recommended use of these products. Consequently, the route of exposure to this chemical has been and continues to be through ingestion.

**Approximate Time Period of Violations**. Ongoing violations have occurred every day since at least May 10, 2015, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until this known toxic chemical is either removed from or reduced to allowable levels in the products. Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemical. The method of warning should be a warning that appears on the product label. The Violators violated Proposition 65 because they failed to provide persons ingesting these products with appropriate warnings that they are being exposed to this chemical.

Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violators to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemical, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years. Such a resolution will prevent further unwarned consumer exposures to the identified chemical, as well as an expensive and time-consuming litigation.

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 3

   ERC has retained me as legal counsel in connection with this matter. **Please direct all communications regarding this Notice of Violation to my attention at the law office address and telephone number indicated on the letterhead or at freund1@aol.com.**

       Sincerely,

       _____
         Michael Freund

Attachments
   Certificate of Merit
   Certificate of Service
   OEHHA Summary (to Paradigm Holdings, L.L.C., Steven F. Hotze, MD and their Registered Agent for Service of Process only)
   Additional Supporting Information for Certificate of Merit (to AG only)

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 4

## CERTIFICATE OF MERIT

Re:    **Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by Paradigm Holdings, L.L.C. and Steven F. Hotze, MD**

I, Michael Freund, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged that the parties identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violators will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: September 27, 2019

_____
Michael Freund

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 5

## CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age. My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On September 27, 2019 between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §25249.5** *ET SEQ.***; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
Paradigm Holdings, L.L.C.
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Steven F. Hotze
(Registered Agent for Paradigm Holdings, L.L.C.)
20214 Braidwood Drive, Suite 215
Katy, TX 77450

Current President or CEO
Steven F. Hotze, MD
20214 Braidwood Drive, Suite 215
Katy, TX 77450

On September 27, 2019 between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5** *ET SEQ.***; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Oakland, CA 94612-0550

On September 27, 2019 between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5** *ET SEQ.***; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Nancy O'Malley, District Attorney
Alameda County
7677 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Barbara Yook, District Attorney
Calaveras County
891 Mountain Ranch Road
San Andreas, CA 95249
Prop65Env@co.calaveras.ca.us

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 6

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA  94553
sgrassini@contracostada.org

Thomas L. Hardy, District Attorney
Inyo County
168 North Edwards Street
Independence, CA 93526
inyoda@inyocounty.us

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA  96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA  94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA  92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Mark Ankcorn, Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA  94103
gregory.alker@sfgov.org

Valerie Lopez, Deputy City Attorney
San Francisco City Attorney
1390 Market Street, 7th Floor

San Francisco, CA 94102
Valerie.Lopez@sfcityatty.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA  95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

Bud Porter, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA  95403
jbarnes@sonoma-county.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA  95370
Prop65@co.tulare.ca.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA  93009
daspecialops@ventura.org

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA  95695
cfepd@yolocounty.org

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 7

On September 27, 2019 between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by First Class Mail.

Executed on September 27, 2019, in Fort Oglethorpe, Georgia.

_____
Phyllis Dunwoody

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
September 27, 2019
Page 8

## Service List

District Attorney, Alpine
County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador
County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte
County
25 County Center Drive, Suite
245
Oroville, CA 95965

District Attorney, Colusa
County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte
County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado
County
778 Pacific St
Placerville, CA 95667

District Attorney, Fresno
County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn
County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt
County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial
County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings
County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles
County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera
County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin
County
3501 Civic Center Drive,
Room 130
San Rafael, CA 94903

District Attorney, Mariposa
County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino
County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced
County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc
County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono
County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada
County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange
County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer
County
10810 Justice Center Drive,
Ste 240
Roseville, CA 95678

District Attorney, Plumas
County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito
County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San
Bernardino County
303 West Third Street
San Bernardino, CA 92415

District Attorney, San Diego
County
330 West Broadway, Suite
1300
San Diego, CA 92101

District Attorney, San Mateo
County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta
County
1355 West Street
Redding, CA 96001

District Attorney, Sierra
County
100 Courthouse Square, 2nd
Floor
Downieville, CA 95936

District Attorney, Siskiyou
County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano
County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus
County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter
County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama
County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity
County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne
County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba
County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's
Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Jose City Attorney's
Office
200 East Santa Clara Street,
16th Floor
San Jose, CA 95113

APPENDIX A

## OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
## CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

## THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
## (PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

## WHAT DOES PROPOSITION 65 REQUIRE?

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

## DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

**Exposures that pose no significant risk of cancer.** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 et seq. of the regulations for information concerning how these levels are calculated.

**Exposures that will produce no observable reproductive effect at 1,000 times the level in question.** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 et seq. of the regulations for information concerning how these levels are calculated.

**Exposures to Naturally Occurring Chemicals in Food.** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

**Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for

---

[2] See Section 25501(a)(4).

chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

## HOW IS PROPOSITION 65 ENFORCED?

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11. A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.